United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELLIE SAMI, | No. C 12-00108 DMR |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES** |
| v. | |
| WELLS FARGO BANK, et al., | |
| Defendants. / | |

This matter comes before the court on Defendant Wells Fargo Bank's ("Wells Fargo's") Motion for Award of Attorneys' Fees. The court conducted a hearing on May 24, 2012, during which the parties were given an opportunity to present oral argument. For the reasons set forth below, the court hereby GRANTS the motion.

## I. PROCEDURAL HISTORY

On July 19, 2007, Plaintiff Mellie Sami ("Plaintiff") executed a promissory note for $500,000 in favor of Wells Fargo's's predecessor, World Savings Bank, FSB, secured by a deed of trust on real property located at 509 Silver Maple Drive, Hercules, California ("the property"). Defs.' Req. for Judicial Notice in Supp. of Mot. for Award of Attorney Fees[1] ("RJN"), Exs. B, C. After Plaintiff defaulted on the loan, Wells Fargo and NDEx, acting as the trustee, commenced foreclosure proceedings.

---

[1] Pursuant to Federal Rule of Evidence 201(b), the court grants Wells Fargo's request for judicial notice of Exhibit A, the judgment entered by the court; Exhibits B and C, documents referred to in the Complaint; and Exhibits D-H, documents reflecting official acts of Office of Thrift Supervision or appearing on the FDIC website and establishing the history of World Savings Bank. Plaintiff did not object to the court taking judicial notice of these documents.

1   On December 13, 2011, Plaintiff filed her complaint against Wells Fargo and NDEx in Contra Costa County Superior Court alleging six causes of action: 1) declaratory relief; 2) injunctive relief; 3) unfair business practices; 4) cancellation of written instrument; 5) negligence; and 6) violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code section 1788 *et seq*. (Compl. ¶¶ 12-19.) Wells Fargo removed the case to federal court on January 6, 2012, and filed a motion to dismiss and motion to strike on January 13, 2012. Plaintiff filed a motion to remand on January 23, 2012.

Following a hearing on the motions, the court entered an order denying Plaintiff's motion to remand and granting Wells Fargo's motion to dismiss with prejudice. [Docket No. 23]. Wells Fargo now seeks an award of attorneys' fees incurred in this action pursuant to fee provisions in the promissory note and deed of trust. On the eve of the hearing, Wells Fargo filed a supplemental declaration seeking a reduction in the requested fee award to reflect a capped fee amount of $7,800.00 owed by Wells Fargo to its counsel in this case, plus fees on the fee motion. [Docket No. 32].

## II.  LEGAL STANDARDS

The court applies California state law regarding attorneys' fees in this diversity case. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31 (1975); *Sunnyside Development Co., LLC v. Opsys Ltd.*, 2007 WL 2462141, *1 (N.D. Cal. 2007) (citing *Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1236 (9th Cir.2001)). "'Unless authorized by either statute or agreement, attorney's fees ordinarily are not recoverable'" in California. *Id*. (quoting *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 127 (1979). Contractual fee provisions are governed by California Civil Code section 1717(a), which provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

The starting point for determining reasonable attorneys' fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable

hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining a reasonable amount of hours, the court must review time records to decide whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987). To determine reasonable hourly rates, the court must look to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience and reputation. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

There is a strong presumption that the lodestar figure represents a reasonable fee. *See Prison Legal News v. Schwarzenegger*, 561 F. Supp.2d 1095, 1100 (N.D. Cal. 2008) (citing *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir.1987)). However, the court may adjust the award from the lodestar figure upon consideration of additional factors, not already subsumed within the initial lodestar calculation, that may bear upon reasonableness. *Id*. (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975)). The court may, for example, reduce an award for attorney's fees for unnecessarily duplicative work, if the court provides "a clear explanation" as to why those hours were truly unnecessary. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1130 (9th Cir. 2008) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008)). Further, the court must consider the results obtained by the prevailing party or the extent of his success. *Id*. (citing *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996)).

Parties may also seek reasonable attorneys' fees for work performed on the application for attorneys' fees and costs ("fees on fees"). *Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996); *Bernardi v. Yeutter*, 951 F.2d 971, 976 (9th Cir. 1991).

### III. ANALYSIS

**A.     Contractual Fee Provisions**

The deed of trust and promissory note signed by Plaintiff in July 2007 each contain fee provisions. Paragraph 7(E) of the note provides:

3

> **(E) Payment of Lender's Costs and Expenses**
> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses may include, for example, reasonable attorneys' fees and court costs.

RJN, Ex. B at 4.  The deed of trust contains an attorneys' fee provision in the Covenants section at paragraph 7:

> **7.    LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY**
> If (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property.  Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees. . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes. . . .

RJN, Ex. C at 7.  Under their plain meaning, these fee provisions apply to the fees incurred by Wells Fargo in defending its rights in the note and in the property against Plaintiff's lawsuit.  Plaintiff alleged that Wells Fargo was not legally entitled to initiate or complete foreclosure proceedings because it did not have lawful ownership or security interest in the note or deed of trust.  Compl. ¶ 1.  The complaint sought damages and injunctive relief, including "Cancellation of the DEED OF TRUST AND ALL SUBSEQUENTLY RECORDED DOCUMENTS AS TO THE SUBJECT PROPERTY."  *Id.*, Prayer for Relief ¶ 3.  Had Plaintiff prevailed on her claims, Wells Fargo's interest in the property would have been significantly affected.  Plaintiff's action therefore challenged the underlying validity of the obligation, and Wells Fargo's defense of this case was undertaken to protect its "rights in the Property" pursuant to paragraph 7 of the deed of trust and to enforce the note pursuant to paragraph 7(E) of the note.  *See Coppes v. Wachovia Mortg. Corp.*, 2011 WL 4852259 (E.D. Cal. Oct. 12, 2011) (citing *Siligo v. Catellucci*, 21 Cal. App. 4th 873, 878 (1994)).

Plaintiff argues that the fee provisions are inapplicable on several grounds.  First, she contends that Wells Fargo did not initiate an action to enforce the note, and that if it had done so, such an action would amount to debt collection, contrary to the court's earlier ruling that a lender

that forecloses on a property pursuant to a deed of trust is not a debt collector. Opp. at 3. Plaintiff's argument erroneously equates enforcement of the note with debt collection, which is not the case here. By defending against Plaintiff's action challenging the enforceability of Wells Fargo's rights in the property, Wells Fargo incurred fees "in enforcing this Note." Under California law, it is settled that "an obligation to pay attorney fees incurred in the enforcement of a contract includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation." *Siligo v. Catellucci*, 21 Cal. App. 4th 873, 878 (1994) (citation and quotation marks omitted).

Second, Plaintiff argues that the fee provision of the deed of trust is ineffectual because it is vague and ambiguous as to the actual amount of attorneys' fees to be paid. Opp. at 4. The court determines that the contractual provision for "reasonable attorneys' fees" in the deed of trust is sufficiently clear and specific and falls within the statutory provision under California Civil Code section 1717(a) for recovery of "reasonable attorney's fees" in contract actions.

Third, Plaintiff contends that Wells Fargo failed to provide notice to Plaintiff requesting payment of its fees and therefore failed to satisfy a condition of the fee provision in the deed of trust requiring the borrower to pay fees "when Lender sends me a notice requesting that I do so." RJN, Ex. C at 7. Wells Fargo has demonstrated that its counsel sent Plaintiff's counsel a letter dated December 29, 2011 quoting the fee provision and reserving its right to recover fees in this action. Heard Reply Decl., Ex. 1 [Docket No. 29]. Wells Fargo's attorney also represents that prior to filing the instant fee motion, he conferred with Plaintiff's counsel by telephone and requested payment of Wells Fargo's fees. Heard Reply Decl., Ex. 2.

At oral argument, Plaintiff's counsel raised for the first time the notice provisions of paragraph 14 of the deed of trust, which requires that any notice given under the deed of trust "will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method." RJN, Ex. C ¶ 14. Similarly, the note contains a "GIVING OF NOTICES" provision which states, "[u]nless applicable law requires a different method, any notice that must be given to me under this Note will be given delivering it or by mailing it by first class mail to me or any Borrower" at the property. RJN, Ex. B ¶ 8. Plaintiff thus argues that Wells Fargo did not

provide adequate notice of its intent to seek fees because it sent the notice to Plaintiff's lawyer, rather than delivering it or mailing it by first class mail to Plaintiff at the property.

Because Plaintiff did not raise this argument in her opposition brief, the court provided Wells Fargo with an opportunity to address the application of these notice provisions. [Docket No. 34.] In its supplemental filings, Wells Fargo demonstrated that counsel sent a letter addressed to Plaintiff at her home, dated March 11, 2011, citing the attorneys' fee provisions of the deed of trust and the note, and notifying Plaintiff of Wells Fargo's intention to recover its fees and costs in an earlier action filed by Plaintiff in state court when she was appearing *pro se*. Second Suppl. Heard Decl., Ex. 1. [Docket No. 35.] That action was removed to this court and voluntarily dismissed without prejudice. *See Sami v. Wells Fargo Bank, N.A.*, Case No. 11-1583 RS, Notice of Voluntary Dismissal (N.D. Cal. June 9, 2011). Plaintiff therefore received proper notice as specified in the deed of trust and promissory note.

In addition, on December 13, 2011, Plaintiff, then represented by counsel, filed this action in state court which Wells Fargo removed on January 6, 2012. Counsel for Wells Fargo sent a letter to Plaintiff's counsel dated December 29, 2011, notifying Plaintiff's counsel of Wells Fargo's intention to recover fees and costs in this action pursuant to the fee provisions of the note and the deed of trust. Heard Reply Decl. Ex. 1. [Docket No. 29.] Because Plaintiff was represented by counsel at the time of filing the present action, Wells Fargo's attorney was prohibited from mailing a notice directly to Plaintiff about the recovery of fees and costs incurred in the litigation. *See* Cal. Rules of Professional Conduct 2-100(A) ("While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."). Wells Fargo has demonstrated that by providing notice to Plaintiff's counsel as required by "applicable law," it has satisfied the notice provisions of the note and the deed of trust. The court therefore determines that Wells Fargo is entitled to recover its fees and costs under the note and the deed of trust.

Finally, Plaintiff contends that attorneys' fees were subsumed in the "Sums Secured" under the deed of trust and that Wells Fargo's claim for attorneys' fees should be deemed satisfied upon its

foreclosure of the property on January 19, 2012. Opp. at 5-7. Plaintiff argues that Wells Fargo is barred from seeking recovery of any further debt after foreclosing on the property by California Code of Civil Procedure section 726, which provides that "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property. . . which action shall be in accordance with the provisions of this chapter." This "one action rule" compels a secured creditor to exhaust its security in a single judicial action before obtaining a monetary deficiency judgment against the debtor. *C.J.A. Corp. v. Trans-Action Financial Corp.*, 86 Cal. App. 4th 664, 668 (2001) (citation omitted). "The purpose of the one action rule is to prevent a secured creditor from enforcing its rights by seeking recourse to more than one remedy, such as by obtaining both a money judgment on the mortgage debt and by foreclosing on the mortgage." *Id.* at 668-89. This statutory provision governs actions for judicial foreclosures, however, and does not apply here to a non-judicial foreclosure pursuant to the power of sale under a deed of trust, which is governed by a different statutory scheme, California Civil Code § 2924 et seq.[2] *See* Cal. Practice Guide: Real Prop. Transactions ¶ 6:544 (Rutter: 2011) ("Judicial foreclosures are governed by CCP § 725 et seq. and procedures relating to civil actions generally.") *See also Knapp v. Doherty,* 123 Cal.App.4th 76, 86 (2004) ("Sections 2924 through 2924k [of the Civil Code] provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.") (citation and quotation marks omitted). Plaintiff offers

---

[2] Under California law, two forms of foreclosure exist: non-judicial foreclosure and judicial foreclosure. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1104 n.7 (9th Cir. 1998). As the Ninth Circuit recognized in *Citicorp*:

> Non-judicial foreclosure is a process where property that secures a defaulted obligation is sold by a trustee pursuant to power of sale contained in a deed of trust, without recourse to the courts. 3 Witkin, Summary of California Law, Security Transactions in Real Property § 129 (9th ed.1987, Supp.1997). After exercise of a power of sale, "the debtor has no statutory right of redemption and the creditor is prohibited from recovering a deficiency judgment." *Id.* Judicial foreclosure is a process where an action for foreclosure is filed with a court, the court determines the rights of the parties, and whether the lender is entitled to any deficiency judgment should the proceeds of a court-ordered foreclosure sale be insufficient to discharge the secured obligation, if and when a foreclosure sale is ordered. *Id.* §§ 111, 124. In a judicial foreclosure proceeding, if a deficiency judgment is entered under Cal.Civ.Proc.Code § 726 the real property may be sold subject to the right of redemption.

*Id.*

1  no authority to support her argument that recovery of fees that are incurred in defending a lawsuit
2  challenging a non-judicial foreclosure sale is deemed satisfied by the foreclosure.
3     Other courts that have reviewed identical fee provisions in the note and deed of trust have
4  awarded attorneys' fees to the prevailing party. *See Coppes v. Wachovia Mortg. Corp.*, 2011 WL
5  4852259 (E.D. Cal. Oct. 12, 2011) (awarding $13,071.50 in fees to prevailing defendant where court
6  granted defendant's motion to dismiss); *Smith v. World Sav. and Loan Ass'n*, 2011 WL 1833088, *2
7  (E.D. Cal. May 12, 2011) (awarding $6,346.84 in unopposed motion for costs and fees where court
8  granted prevailing defendant's motion to dismiss); *Gilbert v. World Sav. Bank, FSB,* 2011 WL
9  995966 (N.D. Cal. March 21, 2011) (awarding $6,519 in fees against plaintiff's counsel where case
10 was dismissed for failure to prosecute); *Snyder III v. Wachovia Mortg.*, 2010 WL 3582595 (E.D.
11 Cal. Sept. 10, 2010) (awarding $2,500 in fees).  As Wells Fargo is the prevailing party in this action,
12 and it is entitled contractually to its attorneys' fees under the note and deed of trust, California Civil
13 Code section 1717(a) authorizes the award of reasonable attorneys' fees here.

## B.  Reasonable Attorneys' Fees

Based on the detailed time records provided in the Declaration of Viddell Lee Heard, Wells Fargo initially sought an award of fees in the amount of $21,283.00 for work performed from December 21, 2011 through March 21, 2012.  The invoices for those months show that counsel for Wells Fargo billed the following number of hours and hourly rates:

| Attorney/Paralegal | Yrs of Practice | Rate | Hrs Claimed | Total Fee |
|---|---|---|---|---|
| V. Heard | 18 | $320.00 | 37.1 | $11,872.00 |
| Y. Wu | 9 | $275.00 | 26.8 | $7,370.00 |
| J. Shulman | 10 | $280.00 | 0.5 | $140.00 |
| W. Slone/paralegal | | $160.00 | 7.3 | $1,168.00 |
| H. Saller/paralegal | | $160.00 | 3.1 | $496.00 |
| G. Hernandez/paralegal | | $155.00 | 4.6 | $713.00 |
| M. Sinclair/paralegal | | $140.00 | 0.6 | $84.00 |
| **TOTAL** | | | 80 | $21,843.00 |

*See* Heard Decl., Ex. A.  This total amount of $21,843.00 reflected in the time sheets appears to include time billed after March 21, 2012, whereas the lower amount originally requested by Wells Fargo in its opening papers, i.e., $21,283.00, appears to seek compensation for time spent only up to March 21, 2012.

Wells Fargo supplemented its fee motion by sworn declaration of counsel stating that "Wells Fargo would pay the firm a capped fee of $7,800.00, not the total hourly fees, to defend the case through entry of the judgment on March 21, 2012." Suppl. Heard Decl. ¶ 4.  [Docket No. 32.] Plaintiff argues that Wells Fargo should be awarded only for fees that it has actually paid upon proof of payment, such as a cancelled check.  However, Plaintiff cites no authority for the proposition that fees may be awarded under California Civil Code section 1717(a) only upon proof of payment, rather than the amount of reasonable attorneys' fees that is billed.  Based on the representations of Wells Fargo's counsel, the court determines that the reduced amount of $7,800.00 is reasonable in light of the actual hours and hourly rates billed, as discussed below.

Wells Fargo also seeks an additional $1,168.00 in fees for time spent preparing the fee motion.  Suppl. Heard Decl. ¶ 7.  The requested amount for fees on fees comprises 4.5 hours spent by paralegal Saller ($160/hr - total $720); 0.8 hours spent by paralegal Slone ($160/hr - total $128); and 1.0 hour spent by attorney Heard ($320.00/hr - total $320).  The total fee award requested by Wells Fargo is $8,968.00.

In the present motion, Wells Fargo does not seek reimbursement for expenses that appear on the bill.  Thus, Plaintiff's objection to the costs of meals that appear on the billing summaries is overruled as moot.[3]

### 1.     Reasonable Hourly Rate

Plaintiff objects to the rates charged by Wells Fargo's counsel as unreasonably high and argues that an attorney's hourly rate should cover the hourly rates of other employees who work for that attorney.  Opp. at 8.  It is customary in the relevant legal market, however, that attorneys charge different rates to its clients based on an attorney's level of experience and a lower range of rates for

---

[3] Wells Fargo withdrew its request for $20.93 billed for counsel's meals on March 21, 2012, and its motion does not seek an award for expenses other than attorneys' fees.

9

services rendered by paralegal professionals. Based on the evidence submitted, primarily in the Heard Declaration, the court finds that the hourly rates sought by Wells Fargo's counsel are well within the range of reasonable hourly rates for attorneys of comparable skill, experience and reputation litigating similar cases in the San Francisco Bay Area. *See Prison Legal News v. Schwarzenegger*, 561 F.Supp.2d 1095, 1105-06 (N.D. Cal. 2008) (finding $700 for lead counsel and $295-$340 for associates to be reasonable hourly rates).

### 2. Reasonableness of Time Spent

The court reviewed the billing records submitted by Wells Fargo's counsel. The time spent by counsel included work performing the following tasks: reviewing and analyzing complaint and attachments, which included bankruptcy court filings; removing the case; preparing and filing briefs on the motion to dismiss and opposition to Plaintiff's motion to remand; attending court hearings; and communicating with client and opposing counsel. Heard Decl. ¶ 6 and Ex. A. The court determines that performance of these tasks was necessary for the defense of this action. The billing records demonstrate that the time spent on compensable work is adequately documented. Moreover, the time spent does not appear to be unnecessary, duplicative or excessive. The court notes that after Wells Fargo removed this action from state court, the parties litigated and argued two motions before this court. Further, Wells Fargo has made clear that it does not seek recovery of fees incurred in litigating Plaintiff's prior action, *Sami v. Wells Fargo*, Case No. 11-1583 RS.

The court finds that the overall number of hours spent by each of the timekeepers in this matter is reasonable. Wells Fargo does not seek any upward adjustment from the lodestar figure. Rather, it seeks a downward adjustment based on its capped fee arrangement with counsel. Suppl. Heard Decl. ¶ 4. In light of the actual time billed, the reduced fee amount is reasonable.

The court also finds that the 5.3 hours spent by paralegals and 1.0 hour spent by an attorney in preparing this fee motion are reasonable. *See* Suppl. Heard Decl. ¶ 7 and Ex. A.

\\
\\

### IV.  CONCLUSION

For the foregoing reasons, Wells Fargo's motion for award of attorney fees is GRANTED in the amount of $8,968.00.

IT IS SO ORDERED.

Dated: August 3, 2012

DONNA M. RYU
United States Magistrate Judge